**Jack C. VAUGHN, Appellant,**

v.

**William J. GARRETT, Appellee.**

**No. 16172.**

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 2, 1960.

Witts, Geary, Hamilton, Brice & Lewis and Jim K. Choate, Dallas, for appellant.

Brans & Berryman and Neil Brans, Dallas, for appellee.

PER CURIAM.

It is from a "take nothing" judgment in the trial court that the plaintiff has perfected the appeal before us.

Reference to the record discloses that a confused situation existed in the trial court. Culmination thereof resulted in a trial wherein plaintiff and defendant were the only parties before the court. The evidence introduced prima facie established a cause of action in behalf of Jack C. Vaughn, Jr., the son of the plaintiff, against the defendant. Certainly the evidence was such as entitled the trial court to consider that it was the son to whom the right of action belonged rather than the plaintiff, his father. The son was a minor. His rights, if any, are not foreclosed. He was not a party to the suit tried below.

The situation before us is essentially no different from that which could be hypothesized as a suit brought by John Doe upon pleadings stating a cause of action, but where the proof established that the cause of action belonged to Bill Brown. Were a judgment to have been entered and become final against the defendant sued in such an instance, the defendant would still be exposed to liability in a suit brought against him on the same cause of action by Bill Brown. The only proper judgment to be rendered by a trial court under such circumstances would be that John Doe "take nothing" by his suit. Such a judgment was entered in this case.

Judgment is affirmed.